## PRUDENT VADBOUKER ET AL.
### v.
## BERNARD GRAVELOT.

EVIDENCE INSUFFICIENT TO SUSTAIN VERDICT.—From the evidence in this case the court is of the opinion that Colby was a mere spectator and did not participate in any way in either the taking or selling of the goods in question, and that the evidence against him was clearly insufficient to sustain the verdict of the jury.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed December 28, 1882.

Messrs. DOYLE & MORRIS, for appellants, cited Develing v. Sheldon, 83 Ill. 392; Decker v. Dupree, 75 Ill. 167; 2 Greenlf. 613–615, R. S. 1874, Chap. 110, §§ 43–45; Switzer v. Lottenville, 4 Bradwell, 220; Sherwin v. The People, 69 Ill. 55; Richard's Iron Works v. Glennon, 71 Ill. 11.

Vadbouker et al. v. Gravelot.

Lacey, J.    This was a suit in trespass to personal property. Plea not guilty and judgment of $175 against all the above named appellants. It appears that appellee about the 9th or 10th of July, 1879, started to Kansas on a visit with his family, putting his goods, consisting of a billiard table, beer faucet and saloon furniture and some household goods, in boxes, leaving them in the store and care of Mr. Young, giving Young the key to the house. Hearing the goods were taken, appellee came back and found the goods were taken to Clifton and sold.

There was no plea of justification interposed and it only remained for appellee to show the trespass. It is claimed as one ground, and the main one, that there was no evidence against appellant, Gideon A. Colby, connecting him in any way with the taking or selling the goods.

It appears from the evidence that the appellant Vadbouker had sued out a writ of attachment against appellee and placed it in the hands of appellant Pearce, who was a constable to execute. Only one witness was sworn, Henry C. Worfel, who testified to anything against appellant Colby. He testified that he saw Pearce take the goods out of the house, and saw the house broken open. The witness had never spoken to Colby about the matter. Pearce wanted witness to go with him, said he was going to take the goods out of the house. This witness testified that at the time the goods were taken out of the house by Pearce, there was present Mr. Pearce, Mr. Colby, Mr. Louis, and he didn't know but there was some one else.

The witness further testified that he was present at the time the goods were sold by Pearce, and that appellant Colby was there, and he did not remember seeing the others. This was all the evidence in any way connecting appellant Colby with the transaction. There was no proof that he in any way assisted, advised or encouraged Pearce to make the levy, nor does it appear that Pearce in any way needed any assistance to make the levy.

There was no one resisting the execution of the writ, or

doing anything to make it necessary for Colby to assist. Colby had no interest in the matter.

From all that appears, the appellant Colby was, at the time of the taking the goods as well as at the time of sale, a mere spectator, not in any way participating in either the taking or selling.

We think the evidence as against him is clearly insufficient to sustain the verdict of the jury.

The judgment is therefore reversed, and the cause remanded.